UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| JERRY LYNN WRIGHT, | ) | |
| *Petitioner*, | ) ) | |
| v. | ) ) | No.: 3:05-cv-018 *(VARLAN/SHIRLEY)* |
| JACK MORGAN, Warden, | ) ) ) | |
| *Respondent*. | ) | |

**MEMORANDUM**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee, on behalf of the respondent, and petitioner's response thereto. For the following reasons, the motion to dismiss [Court File No. 5] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner Jerry Lynn Wright ("Wright") challenges his 2001 Knox County conviction for second degree murder. The Attorney General moves to dismiss the habeas corpus petition as untimely. As attachments to the motion to dismiss, the Attorney General has provided the court with copies of the relevant documents in Wright's post-conviction proceedings. [Court File No. 7, Notice of Filing of Documents, Addenda 1-3].

Wright pleaded guilty to one count of second degree murder and was sentenced on February 20, 2001, to 21 years in prison. He did not appeal his conviction or sentence. On

January 29, 2002, Wright filed a state petition for post-conviction relief. [Addendum 3]. The petition was denied and the Tennessee Court of Criminal Appeals affirmed. *Wright v. State*, No. E2003-01216-CCA-R3-PC (Tenn. Crim. App. January 27, 2004) [Addendum 1], *perm. app. denied, id.* (Tenn. March 22, 2004) [Addendum 2]. Wright filed the pending federal habeas corpus petition on January 7, 2005.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Wright's conviction became final on March 22, 2001, which was the last day for filing a direct appeal of his conviction or sentence. Wright's state petition for post-conviction relief tolled the running of the statute of limitation, but only while it was pending. The post-conviction petition was filed on January 29, 2002, at which time 313 days of the one-year statute of limitation had elapsed, leaving only 52 days for filing a federal habeas corpus petition. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

2

The Tennessee Supreme Court denied permission to appeal in post-conviction proceedings on March 22, 2004, and Wright had ninety days from that date to seek a writ of certiorari to the United States Supreme Court. *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*) (statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court after the denial of post-conviction relief). Thus, on June 20, 2004, the statute of limitation commenced to run again, and Wright had 52 days, or until August 10, 2004, to seek habeas corpus relief. Nevertheless, Wright waited over five months before filing his pending petition for the writ of habeas corpus.

In response to the motion to dismiss, Wright states that he filed his petition within one year of the Tennessee Supreme Court's order of March 22, 2004. Wright's position, however, ignores the fact that the statute of limitation was running during the time between his conviction becoming final and his filing the state post-conviction petition.

Accordingly, the habeas corpus petition was not timely filed and is barred by the statute of limitation. The motion to dismiss filed by respondent will be **GRANTED**. The petition for the writ of habeas corpus will be **DENIED** and this action will be **DISMISSED**. Rule 4 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the FEDERAL RULES OF APPELLATE PROCEDURE. The court

**CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE